## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

INSITUFORM TECHNOLOGIES, INC.
and INA ACQUISITION CORP.,

      Plaintiffs,

                                    Case No. 08-11916

v.                                   Hon. Lawrence P. Zatkoff

LIQUI-FORCE SERVICES (USA), INC.,

      Defendant.

_____/

### OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 26, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant's motion to stay [dkt 28].  The parties have

fully briefed the motion.  The Court has also considered the parties' supplemental filings.  The Court

finds that the facts and legal arguments are adequately presented in the parties' papers such that the

decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D.

Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.

For the following reasons, Defendant's motion to stay is GRANTED.

### II. BACKGROUND

Plaintiffs hold patents on a technology referred to as "cured-in-place" pipeline repair in

which a flexible resin-soaked liner is inserted into an existing pipeline.  The liner then cures and the

structural integrity of the pipeline is restored, all at a greatly reduced expense as compared to

traditional pipeline repair. Plaintiffs hold U.S. Patent No. 6,337,114 (the '114 patent) on the liner itself and No. 6,899,832 (the '832 patent) on the lining procedure. On May 6, 2008, Plaintiffs filed this action alleging that Defendant is infringing its patents by selling liner systems and training its customers on the lining procedure.

Title 35 U.S.C. § 302 allows a party to request reexamination of a patent based on citations to prior art. Defendant submitted the '114 patent to the Patent and Trademark Office (PTO) for reexamination on December 11, 2008. On February 11, 2009, the PTO found that the cited prior art raised a substantial new question of patentability and ordered reexamination of the '114 patent. Defendant thereafter submitted the '832 patent for reexamination on March 3, 2009. On March 4, 2009, Defendant filed the current motion requesting that the Court stay this matter pending the reexamination proceedings. The PTO has since ordered reexamination of the '832 patent as well.

### III. LEGAL STANDARD

A district court has the sound discretion to manage its docket, including the power to stay a proceeding. *Landis v. N. Am. Co.*, 299 U.S. 248, 258 (1936). This discretion extends to the issuance of a stay pending the reexamination of a patent by the PTO. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988). There is a "liberal policy in favor of granting motions to stay" pending the outcome of a reexamination proceeding. *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994); *see also Equipements de Transformation IMAC v. Anheuser-Busch Cos., Inc.*, 559 F. Supp. 2d 809, 816 (E.D. Mich. 2008); *Donnelly Corp. v. Guardian Indus. Corp.*, No. 05-74444, 2007 WL 3104794, at *3 (E.D. Mich. Oct. 22, 2007).

When deciding whether a matter should be stayed pending reexamination of a patent, the Court should consider: "(1) whether a stay would unduly prejudice or present a clear tactical

disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and

trial of the case; and (3) whether discovery is complete and whether a trial date has been set."

*Magna Donnelly Corp. v. Pilkington N. Am., Inc.*, No. 4:06-cv-126, 2007 WL 772891, at *2 (W.D.

Mich. Mar. 12, 2007) (citations omitted).

## IV. ANALYSIS

There are several advantages to staying a matter pending reexamination by the PTO. These

include:

> 1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.
>
> 2. Many discovery problems relating to prior art can be alleviated by the PTO examination.
>
> 3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.
>
> 4. The outcome of the reexamination may encourage a settlement without the further use of the Court.
>
> 5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.
>
> 6. Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination.
>
> 7. The cost will likely be reduced both for the parties and the Court.

*Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach., Inc.*, 68 U.S.P.Q.2d. 1755, 1757

(E.D. Mich. 2003) (citations omitted). With these benefits in mind, the Court turns to the *Magna

Donnelly* factors.

**A. Prejudice or Tactical Disadvantage to Plaintiffs**

Plaintiffs insist that they will be disadvantaged due to the lengthy delay that accompanies

3

reexamination proceedings.  According to statistics cited by the parties, this delay averages 24.9 months, with a median of 19.5 months, and these figures do not account for appeals.  Plaintiffs also note that they have engaged in substantial discovery, and they accuse Defendant of filing the present motion to avoid the consequences of Defendant's allegedly lax approach to discovery.  Plaintiffs contend that a stay would allow Defendant to continue to infringe the patents carte blanche, which puts Defendant at a distinct competitive advantage as compared to Plaintiffs' licensees.  Finally, Plaintiffs expect that the reexamination proceedings would outlast the remaining validity of the patents, which expire in approximately two years.

Defendant claims that any injury Plaintiffs incur can be rectified by an award of money damages.  It avers that Plaintiffs have been aware of the alleged infringement for approximately six years.  *See* Def's Reply Br. Ex. 3.  Further, Defendant alleges that Plaintiffs asked Defendant to delay filing for reexamination of the '832 patent for a number of months pending settlement negotiations.  *See id.* Ex. 4.

It is indisputable that staying this matter will result in a lengthy delay.  "[T]he delay inherent to the reexamination process does not constitute, by itself, undue prejudice."  *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. C 05-03116, 2006 WL 708661, at *3 (N.D. Cal. Mar. 16, 2006).  Plaintiffs' claim that their licensees would be competitively underpriced by allowing Defendant to continue its present practices is unavailing, as Defendant would ultimately be liable for each incident of infringement.  *See VData, LLC v. Aetna, Inc.*, No. 06-1701, 2006 WL 3392889, at *5 (D. Minn. Nov. 21, 2006); *Softview Computer Prods. Corp. v. Haworth, Inc.*, No. 97 Civ. 8815, 2000 WL 1134471, at *3 (S.D.N.Y. Aug. 10, 2000).  Plaintiffs did not move for a temporary restraining order or a preliminary injunction, which further suggests that a stay would not be unduly prejudicial.  *See*

4

*Equipements de Transformation*, 559 F. Supp. 2d at 816; *Magna Donnelly*, 2007 WL 772891, at *3; *VData*, 2006 WL 3392889, at *5.

Plaintiffs also claim that a stay will most likely outlast the life of the patents, which would effectively moot Plaintiffs' request for injunctive relief. This similarly fails to establish undue prejudice, as the culmination of this matter in trial would significantly decrease the time remaining before the patents expire. *See Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, No. 03 C 7822, 2004 WL 422697, at *1 (N.D. Ill. March 3, 2004). Finally, any potential prejudice to Plaintiff is belied by Defendant's allegations that (1) Plaintiffs knew of Defendant's allegedly infringing actions for almost six years before commencing the current suit; and (2) Plaintiffs requested that Defendant delay filing for reexamination of the '832 patent for several months.

The Court finds that Plaintiffs have not established that the issuance of a stay would cause Plaintiffs undue prejudice. Further, there is no evidence that Defendant's conduct was dilatory or specifically designed to delay the proceedings. Accordingly, this factor supports a stay.

**B. Simplification of Issues**

The issues in this case will be simplified regardless of the PTO's disposition. If the patents are amended or invalidated, Plaintiffs' claims will be modified or mooted. If the patents are upheld, Defendant's invalidity defense would be significantly undermined or eliminated. *See Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1364 (Fed. Cir. 1984); *eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d 784, 787-88 (D. Colo. 2007). Notwithstanding the outcome, the PTO's findings and expertise will greatly benefit the Court and the parties. *See Donnelly*, 2007 WL 3104794, at *5-6; *Magna Donnelly*, 2007 WL 772891, at *3; *Softview*, 2000 WL 1134471, at *3. Thus, this factor strongly supports the issuance of a stay.

5

**C.  Timing**

The final consideration is whether discovery has been completed or a trial date set.   In analyzing this factor, courts routinely consider other relevant matters, such as the status of pending motions and pretrial orders.  *See 01 Communique Lab., Inc. v. Citrix Sys., Inc.*, No. 06CV0253, 2008 WL 696888, at *2 (N.D. Ohio Mar. 12, 2008); *Broadcast Innovation, L.C.C. v. Charter Communications, Inc.*, No. 03-cv-2223, 2006 WL 1897165, at *8 (D. Colo. July 11, 2006).

This case was filed just over one year ago.  At the time this motion was filed, approximately two months of discovery remained.  Both parties have filed motions to compel discovery [dkts 41 & 47].  A *Markman* hearing has not yet been scheduled.  Dispositive motions are still to be filed and decided.   The case is on the Court's November 2009 trailing docket for trial; however, a specific date has not been set.  Therefore, the Court finds that this case is one where "the parties have undoubtedly spent considerable time and resources thus far," but "far more time and resources are yet to be devoted to the case."  *eSoft*, 505 F. Supp. 2d at 789; *see also Gonnocci*, 68 U.S.P.Q.2d. at 1758; *Softview*, 2000 WL 1134471, at *3.

Moreover, the discovery costs incurred to date "will not be recouped by denying a stay and proceeding to a trial."  *Middleton Inc. v. Minn. Mining & Mfg. Co.*, No. 4:03-CV-40493, 2004 WL 1968669, at *6 (S.D. Iowa Aug. 24, 2004).  Nor will the completed discovery prove useless if the patents are held valid and the stay lifted.  *See Donnelly*, 2007 WL 3104794, at *9.  Further, the parties' costs would only be enhanced if the Court were to proceed to trial and later find that the patents had been modified or invalidated.

In any event, the Court is loath to hold a *Markman* hearing, rule on discovery and dispositive motions, and conduct a trial, all at great expense to the parties, when the PTO's decision could

6

render these proceedings moot or substantially alter the claims being litigated. *See Softview*, 2000 WL 1134471, at *3. This factor falls in Defendant's favor.

## V. CONCLUSION

After careful consideration of the relevant factors, the Court finds that the interests of justice are best served by the issuance of a stay. Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Defendant's motion to stay [dkt 28] is GRANTED. This matter will be stayed pending the PTO's reexamination of the '114 and '832 patents.

IT IS FURTHER ORDERED that Defendant alert the Court when the PTO issues its decisions on the '114 and '832 patents.

IT IS FURTHER ORDERED that Plaintiffs' motion to compel [dkt 41] and Defendant's motion to compel [dkt 47] are DENIED as MOOT. These motions may be renewed after the stay is lifted.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: May 26, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 26, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290

7